FILED
APR 19 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CRAIG ELVIS RUMBLE, )
)
    Plaintiff, )
)
v. )   Civil Action No.  **11 0742**
)
STATE OF NEW JERSEY, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

Plaintiff's complaint lists a series of encounters with police, arrests and tickets issued by various authorities in New Jersey and New York, as well as a parking ticket issued in the District of Columbia, between April 2009 and February 2011. During this time period, plaintiff allegedly has been hospitalized and forcibly medicated, *see id.* at 6, has received a death threat, *see id.* at 9, has been the victim of a hate crime, *see id.* at 12, and has been photographed and videotaped without permission, *see id.* at 15. As compensation for the "controlled internal corruption involving New Jersey and New York authorities" evidenced by the events set forth in the complaint, *id.* at 20, plaintiff demands damages of $950 billion, *id.* at 21.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S.



319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that the factual contentions of the plaintiff's complaint are irrational and wholly insufficient to state a cognizable civil claim. Accordingly, the Court will dismiss this action under 28 U.S.C. § 1915(a)(2)(B)(i) as frivolous.[1]

An Order consistent with this Memorandum Opinion will be issued on this same date.

DATE: April 14, 2011

/s/ Reggie B. Walton
United States District Judge

---

[1] In addition, the Court will grant the plaintiff's motion to use a post office box for his mailing address, and will deny the remaining motions filed with the complaint.